David C. Berkoff
BERKOFF LAW FIRM, P.C.
1917 S. Higgins Avenue
Missoula, Montana 59801
Telephone: (406) 546-3038
Email: dberkoff2011@gmail.com
Email: david@berkofflaw.com
Attorneys for Employers Mutual Casualty Company

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA—BILLINGS DIVISION

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>S.D. HELGESON, INC., SKRM, INC.; STAN HELGESON; RYAN HELGESON; JIM AND MELODY GALLUP and DOES 1-5,<br><br>Defendants. | Cause No.: _____<br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

COMES NOW, Plaintiff, Employers Mutual Casualty Company ("EMC"), by and through its counsel of record, the Berkoff Law Firm, P.C., and for its Complaint for Declaratory Judgment against the Defendants, states, avers, and alleges as follows:

A.    Jurisdiction and Venue.

1.    The following action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, in that it is a civil action wherein the matter in controversy exceeds the sum or value of Seventy-Five-Thousand and 00/100 Dollars ($75,000.00), exclusive of interest and costs, and is between citizens of different and diverse states.

2.    The following action is one in which this Court has discretionary jurisdiction over the matters described herein under 28 U.S.C. § 2201.

3.    The following action involves Defendants who are or were citizens and residents of Yellowstone County, Montana.  Pursuant to Local Rule 1.2(c)(1), venue is properly before the United States District Court for the District of Montana, Billings Division.

B.    The Parties.

4.    Plaintiff, Employers Mutual Casualty Company ("EMC"), is an Iowa insurance company licensed to do business in the state of Montana.  EMC is a citizen of the State of Iowa.

5.    Defendant, S.D. Helgeson, Inc., and all of its d/b/a forms, is a Montana Corporation licensed to do business in the State of Montana, and is a citizen of Billings, Yellowstone County, Montana.

6.     Defendant, SRKM, Inc., and all of its d/b/a forms, is a Montana Corporation licensed to do business in the State of Montana, and is a citizen of Billings, Yellowstone County, Montana.

7.     Defendant, Stan Helgeson, is a citizen of Billings, Yellowstone County, Montana.

8.     Defendant, Ryan Helgeson, is a citizen of Billings, Yellowstone County, Montana.

9.     Defendants, Jim and Melody Gallup, are citizens of Billings, Yellowstone County, Montana.

10.    DOES 1-5 are unknown and yet to be identified potential interested third parties or third-party beneficiaries to the claims herein.

C.     Summary of Claim.

11.    EMC's instant lawsuit against S.D. Helgeson, Inc., SRKM, Inc., Stan Helgeson, Ryan Helgeson (collectively "Helgeson") and Jim and Melody Gallup ("Gallups"), seeks declaratory judgment from this Court that there is no insurance coverage under EMC's insurance policies issued to Helgeson for some or all of the claims being asserted against Helgeson in a lawsuit entitled *Jim and Melody Gallup, Plaintiffs v. S.D. Helgeson, Inc.; SRKM, INC., d/b/a Helgeson Homes; SRKM, Inc. f/k/a Closet Concepts, Inc.; Formation, Inc. d/b/a Helgeson Construction f/k/a Formation Design Build; Helgeson Homes; Stan Helgeson;*

3

*Ryan Helgeson; City of Billings; and DOES I-V, Defendants*, Cause No. DV-1863

(Judge Rod Souza) (Montana Thirteenth Judicial District, Yellowstone County)

("Underlying Lawsuit").

12.     EMC seeks declaratory judgment that one or more of its policy terms,

conditions, and exclusions apply to preclude coverage and as a result that EMC

does not possess either the duty to defend or the obligation to indemnify Helgeson

in the Underlying Lawsuit.

D.     The Underlying Lawsuit.

13.     The Underlying Lawsuit is one of many lawsuits arising from

property damage caused by settlement and earth movement of homes in the Falcon

Ridge subdivision in Billings, Montana.  Helgeson is alleged to have built a home

at 3115 Golden Acres Drive whereupon it was sold to the Gallups.

14.     The Gallups allege that after hearing about home movement from

other homeowners in the Falcon Ridge subdivision they retained the services of a

structural consulting engineer, Krivonen Associates, Inc. ("Krivonen").

15.     On June 8, 2015, Krivonen reported that the Gallups' home was

experience "minor cracking" on interior and exterior walls as well as settlement of

landscaping soils.  Krivonen opined that subsurface soils were likely becoming

wetted leading to soil movement.  Krivonen recommended re-grading the surface

4

soils and directing rainwater runoff away from the home.  Krivonen considered the settlement issues with the Krivonen house to be relatively minor at the time.

16.     The Gallups retained Whitten & Borges, P.C. structural engineers to inspect their home on December 1, 2015.  A report authored by Whitten & Borges noted that the Gallups' home was constructed on "over-excavated soils", was suffering from interior drywall cracks, screw pops, door alignment issues, as well as "several foundation cracks" of 1/16th inch or less.  Whitten & Borges indicated that several walls show signs of "distress in the cement fiber lap siding butt joints." The report further indicated that the likely cause of the property damage is "movement at the foundation level" although Whitten & Borges did not rule out other potential causes.  In discussing settlement of the foundation, the report indicates that "[t]here is a possibility water intrusion has caused swell or collapse in the underlying soils" and that because surface water is directed toward the home "settlement/swell may continue."

17.     On May 31, 2016, Krivonen re-inspected the Gallups' home and noted increased cracking and settling within the house.  In its report Krivonen noted "[a]s we discussed before it is our experience that water introduced to the bearing soils is most commonly the culprit for settlement in this area."  Krivonen recommended improving rainwater drainage on the back of the Gallups' property to prevent additional wetting of soils.

18.     On August 4, 2016, SK Geotechnical Engineers conducted boring
tests of the subsurface soils next to and below the Gallups' home in order to "better
evaluate the severity of wetting of the subsurface soils and attempt to identify or
exclude the potential source of wetting."  SK Geotechnical's January 1, 2017
report indicated that the structural backfill under and around the Gallups' home
was wet and that the wetted soils were being caused by water sources coming from
the exterior of the home including "roof run-off, lawn irrigation, precipitation,
snow melt, or any combination of these sources.  Our observations and testing do
not indicate a subsurface source, such as a leaking utility".  SK Geotechnical
concluded that "additional settlement [of the home] will continue if the soils
continue to be wetted."

19.     The Gallups filed the Underlying Lawsuit on December 27, 2018.  In
Paragraph 11 of the Underlying Lawsuit Complaint, the Gallups allege that their
home was experience "movement".  In Paragraph 14, the Gallups allege that the
City of Billings approved the construction of their home in an area "knowing that it
was located on ground susceptible to settlement/movement issues and approved the
home construction without inadequate plans to prevent against
settlement/movement."

20.     The Gallups' Complaint alleges seven causes of action.  Count I
alleges breach of contract.  Count II claims that Helgeson breached the covenant of

good faith and fair dealing.  Count III claims Helgeson was negligent.  Count IV

alleges constructive fraud.  Count V claims negligent misrepresentation by

Helgeson.  Count VI alleges violation of the Montana Consumer Protection Act.

Count VII seeks punitive damages.  The Gallups' Prayer for Relief seeks attorney

fees and costs from Helgeson.

E.      The EMC Commercial General Liability Policy.

21.    EMC insured S.D. Helgeson Inc. and SRKM, Inc. d/b/a S.D.

Helgeson Homes, with annual Commercial General Liability Policies (Policy

Number 4D2-51-70-16) over seven policy periods beginning December 5, 2009

and ending December 5, 2016 ("EMC Policy").

22.    The EMC Policy provided liability coverage for "property damage"

and "bodily injury" caused by Helgeson subject to certain terms, conditions,

limitations, and exclusions.

23.    Section I – Coverages – Coverage A(1)(a) of the EMC Policy

provides that EMC "will pay those sums that the insured becomes legally obligated

to pay as damages because of 'bodily injury' or 'property damage' to which this

insurance applies.  We will have the right and duty to defend the insured against

any 'suit' seeking those damages.  However, we will have no duty to defend the

insured against any 'suit' seeking damages for 'bodily injury' or 'property damage'

to which this insurance does apply."

24.     The EMC Policy includes an "Injury or Damage from Earth

Movement" exclusionary endorsement (Form CG7422(8-00)) ("Earth Movement

Exclusion") which broadly precludes insurance coverage for property damage and

bodily injury claims arising from settlement or earth movement.  The Earth

Movement Exclusion states the following:

> THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.
>
> **EXCLUSION – INJURY OR DAMAGE FROM EARTH MOVEMENT**
>
> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
> OWNERS AND CONTRACTORS PROTECTIVE LIABILITY COVERAGE PART
> PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART
>
> This insurance does not apply to "bodily injury," "property damage," "personal injury" and "advertising injury" (or "personal and advertising injury" if defined as such in your policy) arising out of, caused by, resulting from, contributed to, aggravated by, or related to earthquake, landslide, mudflow, subsidence, settling, slipping, falling away, shrinking, expansion, caving in, shifting, eroding, rising, tilting or any other movement of land, earth or mud.

Form CG7422(8-00).

25.     The Policy's Supplemental Payments Coverages A & B provides that,

with respect to any "suit" against an insured that EMC defends, EMC will pay "all

court costs taxed against the insured in the 'suit'.  However, these payments do not

include attorneys' fees or attorneys' expenses taxed against the insured." (Form

CG 0001(04/13) at 8 of 16.)

F.     <u>EMC's Defense under a Reservation of Rights</u>.

26.     Notice of the Gallups' claim was provided to EMC in early January of

2016.  EMC issued an initial reservation of rights letter to Helgeson in March

2016.  Upon Service of the Underlying Lawsuit EMC issued a second reservation of rights to Helgeson on March 7, 2019.  On November 16, 2020 second supplemental reservations of rights letters were provided to all of the Helgeson insureds.

27.    Helgeson has accepted EMC's defense under a reservation of rights and EMC has been funding Helgeson's defense of the Underlying Lawsuit pursuant to Montana's duty to defend rule as set forth in *Farmers Union Mut. Ins. Co. v. Staples*, 321 Mont. 99, 90 P.3d 381 (2004).

28.    Pursuant to *Staples,* EMC seeks declaratory judgment as to its defense and indemnity obligations under the EMC Policy as applied to the allegations and established facts of the Underlying Lawsuit.

<u>COUNT ONE—DECLARATORY JUDGMENT</u>
<u>(Earth Movement Exclusion)</u>

29.    EMC restates and re-alleges the above allegations as though fully set forth here.

30.    The Montana Supreme Court has determined that insurance "earth movement" insurance exclusions are unambiguous and may preclude coverage. *Parker v. Safeco Ins. Co. of America*, 384 Mont. 125, 376 P.3d 114 (2016).

31.    The EMC Policy's Earth Movement Exclusion bars Commercial General Liability and Products-Completed Operations Coverage for "property damage" and "bodily injury" claims that are caused by or contributed to by earth

movement, including subsidence.  The EMC Earth Movement Exclusion is substantially similar to the exclusion discussed in *Parker*.

32.    The Underlying Lawsuit Amended Complaint alleges that the Gallups' claims for property damage (and resulting emotional distress) are the result of "settlement/movement" of earthen soils below and beside the home.

33.    Because the Underlying Lawsuit seeks damages for alleged "property damage" and "bodily injury" arising out of, caused by, resulting from, contributed to, aggravated by, or relating to earth movement, coverage under the EMC Policy is excluded.

34.    Pursuant to 28 U.S.C. § 2201, EMC is entitled to declaratory judgment that the Earth Movement Exclusion bars coverage in the Underlying Lawsuit.

## COUNT TWO—DECLARATORY JUDGMENT
### (No Coverage for Attorney Fees)

35.    EMC restates and re-alleges the above allegations as though fully set forth here.

36.    The EMC policy issued to Helgeson does not provide coverage for prevailing party attorney fees charged against any insured.

37.    Pursuant to 28 U.S.C. § 2201, EMC is entitled to declaratory judgment that there is no coverage for any award of attorney fees against Helgeson in the Underlying Lawsuit.

10

<u>COUNT THREE—DECLARATORY JUDGMENT</u>
<u>(No Coverage for Punitive Damages)</u>

38.     EMC restates and re-alleges the above allegations as though fully set forth here.

39.     Montana Code Annotated § 33-15-317(1) provides that insurance coverage does not extend to punitive or exemplary damages unless expressly included by the contract of insurance. The EMC policy does not specifically include a punitive damages endorsement.

40.     Pursuant to 28 U.S.C. § 2201, EMC is entitled to declaratory judgment that there is no coverage for any award of punitive damages against Helgeson in the Underlying Lawsuit.

<u>COUNT FOUR—DECLARATORY JUDGMENT</u>
<u>(No Duty to Defend or Indemnify)</u>

41.     EMC restates and re-alleges the above allegations as though fully set forth here.

42.     Montana law provides that where there is no coverage for a claim an insurer is not obligated to defend or indemnify the insured.  *McAlear v. Saint Paul Ins. Co.*, 158 Mont. 452, 456, 493 P.2d 331, 334 (1972).

43.     The Gallups' claims against Helgeson are not covered because the claims are barred by the Earth Movement Exclusion.

45.     Because the Gallups' Underlying Lawsuit against Helgeson is not covered, EMC has no duty to defend or indemnify Helgeson.

46.     Pursuant to 28 U.S.C. § 2201, EMC is entitled to declaratory judgment on its duty to defend and indemnify.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, EMC prays for declaratory judgment as follows:

1.     Declaratory Judgment in EMC's favor that the Gallups' claims are not covered pursuant to the Earth Movement Exclusion;

2.     Declaratory Judgment in EMC's favor that any award of attorney fees taxed against Helgeson would not be covered;

3.     Declaratory Judgment in EMC's favor that any award of punitive damages against Helgeson would not be covered;

4.     Declaratory Judgment in EMC's favor that it is not obligated to defend or indemnify Helgeson in the Underlying Lawsuit;

5.     That EMC be permitted to recover its fees and costs; and

6.     Any further relief the Court deems just and fit.

DATED this 29th day of January, 2021.

 /s/ David C. Berkoff                                   
BERKOFF LAW FIRM, P.C.